**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.2)**
**Eastern Division**

Paris L York
                    Plaintiff,

v.                                       Case No.: 1:24–cv–00329
                                       Honorable Andrea R. Wood

National Louis University
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, February 3, 2025:

      MINUTE entry before the Honorable Heather K. McShain: The parties' joint motion [45] for a settlement conference and to stay discovery and vacate all case deadlines [44] pending the outcome of the settlement conference has been referred to Magistrate Judge McShain [46]. The parties clarify that they are not requesting the Court vacate the telephonic status hearing set before District Judge Wood on 03/18/2025. The parties assert that a stay of discovery will preserve the resources of the parties and the Court while the parties explore the possibility of settlement and will ensure that the parties have sufficient time to complete discovery in the event they are unable to reach settlement. "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013). "In considering a motion to stay discovery, courts analyze and balance several competing interests, including: '(i) whether a stay will unduly prejudice or tactically disadvantage the non−moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" Garrick v. Moody Bible Institute, 2021 WL 5163287, at *3 (N.D. Ill. 2021) (quoting Pfizer, Inc. v. Apotex, Inc., 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)). First, as the parties make this request jointly, neither party will be prejudiced or disadvantaged by a stay. Second, a temporary stay of discovery while the parties discuss settlement has the potential to resolve this case. Third, a stay will allow the parties to proceed with settlement discussions unburdened by the costs and time commitments of discovery. For these reasons, the Court grants the parties' joint motion to stay discovery [45]. Fact discovery is stayed pending completion of the settlement conference before the Magistrate Judge. The Court strikes all deadlines set in its 01/10/2025 minute order, including the joint status report deadline set for 03/11/2025 [44]. A telephonic status hearing is set for 02/11/2025 at 9:00 a.m. to discuss the parties' interest in settlement and, if appropriate, set a schedule for the exchange of settlement proposals and a date for the settlement conference. Counsel primarily responsible for representing the parties must participate in this conference call, and counsel should come prepared to discuss the availability of counsel and decisionmakers in March, April, and May. The Court will also address logistics for the settlement conference itself, which will take place remotely. In advance of the telephonic status hearing, counsel are directed to review Magistrate Judge McShain's Standing Order for Settlement Conferences (available on the Court's website at

www.ilnd.uscourts.gov by selecting the link for Magistrate Judge McShain and then the link for "Settlement Conferences&quot;). To participate in the telephonic status hearing, the dial–in number is 650–479–3207, followed by access code 1808 98 4405#. Press # to bypass the Attendee ID number. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.